# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

### CORNELIUS *v.* VANARSDALLEN's Administrator.

Where an administrator had sued as the representative of a wrong party, and was consequently compelled to bring a new action, the plea of the pendency of the prior action, pleaded in abatement of the new action, cannot be sustained.

ERROR to Common Pleas of Alleghany county.

*Sept.* 8. This was an appeal by John Cornelius, the plaintiff in error, who was defendant below, from the judgment of a justice of the peace, in an action of trover and conversion brought against him by William Garwin, administrator of G. Vanarsdallen, deceased, the defendant in error, who was plaintiff below. The original suit was instituted before the justice, in May, 1844, and judgment therein for $75 in favour of the plaintiff.

The declaration filed on the appeal was in trover and conversion for a fishing seine, of the value of $90.

Under a rule to plead in ten days or judgment, the defendant put in a plea in abatement, setting forth, in substance: "That long before this suit was brought, viz.: on the 5th of August, 1843, the said William Garwin, administrator of *E. Vanarsdallen*, brought a suit of trover and conversion for the same fish seine valued at sixty or seventy dollars, and on the 18th of August, obtained a judgment for $60; from which judgment, the said John appealed, which appeal is entered to October Term, 1843, No. 334, and remains undetermined. And the said John saith, the said administrator of *E. Vanarsdallen*, and also of *G. Vanarsdallen*, is the same plaintiff in both suits, and that the cause of action is identically the same in both suits. That

434

the plea of a former suit pending as above stated, was entered before the justice, on the trial before him, and this, &c."' To this plea, the plaintiff demurred. The demurrer stated in substance, that the said plea of the said defendant, and the matters therein contained, were not sufficient in law, &c.; and that the plaintiff was not bound to answer the same. "Wherefore he prayed judgment; and that the defendant answer further." The court (PATTON, President J.) thereupon directed judgment to be entered for the plaintiff on the demurrer, and that the defendant answer over. The defendant then pleaded *non cul.*, and obtained subsequently a rule to show cause, why the proceedings in the case should not be stayed, until the costs in No. 334, of October Term, 1843, in which plaintiff had taken a nonsuit, were paid. This rule was discharged; and on the 31st of January, 1846, the appeal was tried, and a verdict and judgment for the plaintiff. The defendant, thereupon, sued out this writ of error.

The only point argued here which this court decided, was, whether the judgment of the court below, on the demurrer, was proper.

It appeared on the argument of the case, that George Vanarsdallen was the husband of Elizabeth Vanarsdallen, who survived him; and that William Garwin administered on their respective estates.

*Mahon*, for plaintiff in error.

*Black*, contrà, was stopped by the court.

*Sept.* 14. PER CURIAM.—To sustain a plea of the pendency of a prior action, it is necessary not only that the cause of action, but the parties also, be the same. Here the plaintiff could not go on because he had sued as the representative of a wrong party, and he was consequently compelled to bring a new action. He therefore did not unnecessarily vex the defendant; and he was properly allowed to proceed.                                    Judgment affirmed.